IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **STANLEY L. BROWN, AIS # 267049,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION 11-0147-WS-N** |
| **WARDEN GOODMAN, et al.,** | : | |
| **Defendants.** | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I. Complaint. (Doc.1).**

Plaintiff filed this action against Warden Goodman of the Dallas County Jail ("jail"), the Dallas County Jail Mail Clerk ("defendant mail clerk"), and the Dallas County Jail ("defendant jail"). (Doc. 1 at 5-6).[1] Plaintiff complains that while he was incarcerated at the jail, the defendant jail returned legal mail sent to him from this Court and noted on the envelope that plaintiff was "[n]ot here, return to sender." (Id. at 5). Plaintiff states that he wrote grievances to

---
[1] The defendants to this action are "[t]he persons who are listed as defendants in section III of the complaint." (Doc. 1 at 2, D).

defendant Goodman and this Court about his mail problem that occurred from March 5, 2009 to March 25, 2009, but the problem continued throughout his incarceration. (Id.). Plaintiff claims that defendant Goodman and defendant mail clerk knew that he had filed a civil action against them in this Court and therefore they lied that he was no longer incarcerated at the jail. (Id.). Plaintiff maintains that as a result, he was damaged by having his action, Brown v. Warden Goodman, et al., No. 09-0063-CG-N (S.D. Ala. Sept. 16, 2010), dismissed. (Id.). In addition, plaintiff states that he wrote to Vaughan Regional Medical Center to get medical reports, medical records, and x-rays for Civil Action No. 09-0063-CG-N, but defendant jail never sent this mail. (Id.). As a result of this, CA No. 09-0063-CG-N was dismissed because he was not able to offer evidence as to what happened to him while he was incarcerated at the jail. (Id.). Attached to the complaint is a copy of the Court's order in CA No. 09-0063-CG-N directing that plaintiff's copy of the Court's order dated March 5, 2009, which was returned to the Court, be re-sent to plaintiff at the jail and the time for paying the partial filing fee of $6.81 was extended to April 20, 2009. For relief, plaintiff wants the defendants to pay him "20,000,000 with paid taxes if it[']s true what happen[ed] to [his] mail." (Id.. at 8).

In regard to plaintiff's prior underlying action which was dismissed, CA No. 09-0063-CG-N,[2] the Court's docket reflects that early in its pendency, the Court's order granting plaintiff in forma pauperis status and ordering that he pay a partial filing fee of $6.81 before March 25, 2009 was returned to the Court (Doc. 3 at 2) with the notation "not here, return to sender." (Doc.

---

[2] In his prior action, CA No. 09-0063-CG-N, plaintiff complained about being assaulted by six to seven inmates after he was transferred from one cell to another cell in the jail. (Doc. 44, recommendation). Plaintiff alleged that no officer was around or in the control station at the time of the assault, and the microphone in his cell did not work. The next day, after discovery of his injuries, he was taken to the hospital where it was determined that he had broken his jaw and another facial bone. Even though he was instructed to return in a week to the hospital and to take certain pills, according to plaintiff, there was no compliance on defendants' part.

4).³  After the mail was returned to the Court, the Court received a letter motion from plaintiff inquiring about the status of his lawsuit in an envelope reflecting a return address of the jail (988 Selfield Road, Selma, Alabama 36701).  (Doc. 5).  In light of the receipt of this motion reflecting that plaintiff was still at the jail, the Court entered an order informing plaintiff that its prior order had been returned, that it was being re-sent, and the time for paying the partial filing fee was extended to April 20, 2009.  (Doc. 6).  This order was sent to the jail and prompted plaintiff to respond stating that he had been there for five months, that their response on the envelope was a lie, and that his cousin would be mailing the filing fee of $350 before April 20, 2009 (Doc. 8), which the Court received on April 17, 2009.  (Doc. 9).

Plaintiff's action proceeded and was consolidated with another action he had filed, No. 09-0064-KD-C, and the third complaint he filed in No. 08-0694-KD-N was extracted and included in the consolidation.  (Doc. 16).  On September 16, 2009, plaintiff notified the Court that he had been transferred to Kilby Correctional Facility.  (Doc. 21).  On November 6, 2009, the Court ordered defendants served (Doc. 26), and defendants filed their answer and special report on February 16, 2010.  (Docs. 36, 37).  On February 18, 2010, the Court converted defendants' special report into a motion for summary judgment and gave the plaintiff an opportunity to respond before it would be taken under submission on March 29, 2010.  (Doc. 38).  Plaintiff responded (Doc. 39) and filed other documents before the Court entered a report and recommendation on August 6, 2010 granting defendants' motion and dismissing the action.  (Doc. 44).  No objection was filed to the report and recommendation.  Subsequently, on September 16, 2010, the District Judge adopted the report and recommendation and dismissed

---

³ The Court is taking judicial notice of its records.  Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

the action. (Doc. 46). No appeal was taken by plaintiff. Approximately five months later, he notified the Court on February 18, 2011 that he would like to reopen or refile his case, which was denied. (Docs. 47, 48). On March 24, 2011, the Court received his present complaint.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) and subsequent filings (Docs. 7, 10, 14) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[4] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to

---

[4]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  The court will treat the factual allegations as true.  Iqbal, 566 U.S. at 678, 129 S.Ct. at 1949.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937.  And a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Lack of Causal Connection.**

The chief deficiency with plaintiff's complaint is that he does not connect each defendant to a deprivation of a federal or constitutional right.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.) (same), cert. denied, 464 U.S. 932 (1983).  Each

5

defendant is charged with the same violation, "tampering with Stanley L. Brown [sic] federal legal mail for United State[s] District Court."  Plaintiff provides that same facts to support each violation - "I Stanley L. Brown have a letter from United State[s] District Court showing that the Dallas Co. Jail had lied and that I was still incarcerated there."  (Doc. 1 at 6).  The only entity that plaintiff claims took any action is the defendant jail when it "lied".  (Id.).  However, the defendant jail is not a suable entity.

Liability under § 1983 can only be imposed against a person who is capable of being sued.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]"  FED.R.CIV.P. 17(b); see Dean, 951 F.2d at 1214.

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."  ALA. CODE § 14-6-1.  Generally, a sheriff's department operates a county jail.  However, an Alabama sheriff's department lacks the capacity to be sued.  Dean, 951 F.2d at 1214; King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991).  Thus, it follows that the jail likewise lacks the capacity to be sued.  Russell v. Mobile County Sheriff, No. Civ. A. 00-0410-CB-C, 2000 WL 1848470 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); see also Castillo v. Cook Co. Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity).  Accordingly, defendant jail is not a suable person for § 1983 purposes and the claim against this defendant is frivolous as a matter of law.

Turning to the other two defendants, Warden Goodman and the mail clerk, plaintiff did not specify what each one did to violate his constitutional rights. Plaintiff made the same allegations against each defendant but only identified a specific action in regard to defendant jail. (Doc. 1 at 6). The only variation is found in the middle of his description of his claim when he states, that defendant jail, defendant Goodman, and defendant mail clerk "knew he had filed a civil action on them and they lied to the United States District [Court] about [his] incarceration by saying [he] was not there. [He] has proof from the . . . Court showing that the Dallas Co. Jail lied and that [he] was still incarcerated that the Dallas Co. Jail. . . ." (Id. at 5). In order to state a claim a plaintiff must plead "enough facts to state a claim to relief that is plausible on it face" with enough allegations to "raise the right to relief above the speculative level." Speaker v. United States Dep't Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). The complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citations omitted).

Plaintiff's allegations in the complaint and then in subsequent filings do not clearly show what defendant Goodman and defendant mail clerk did to violate his constitutional rights. Although plaintiff's mail was returned to the Court, his allegations do not allow the Court to draw the inference that either remaining defendant is liable for the misconduct, nor do the allegations show a claim that is plausible on its face and beyond the speculative level, particularly in light of his statement he wants damages "if it['s] true what happen[ed] to [his] mail." (Id. at 8). For these reasons, plaintiff has failed to state a claim upon which relief can be granted against defendant Goodman and defendant mail clerk.

**B.  Claim for Denial of Access to Courts.**

An alternate basis for dismissal of this action is that plaintiff has failed to state a claim for denial of access to courts and for a violation of his right of freedom of speech. In a document filed subsequent to the complaint, plaintiff states that his right of access to courts was violated when defendant jail lied to the Court by telling the Court he was not there. (Doc. 7 at 1).[5] However, the complained of conduct does not reflect that plaintiff was deprived of a constitutional right. In order to state a claim under § 1983, a plaintiff must establish that the conduct complained of deprived him "of rights, privileges, or immunities secured by the Constitution or laws of the United States" by a state actor. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986).

The requirements for a claim based on denial of access to the courts is found in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996). In Lewis, the Supreme Court ruled that an inmate must show that he has suffered an injury in order to have standing to bring a claim for denial of access to the courts. Id. at 349, 116 S.Ct. at 2179. To show an injury an inmate is required to demonstrate that he has been frustrated or impeded in pursuing the direct appeal of his conviction, his habeas petition, or a civil rights action implicating a basic constitutional right[6] and that this underlying action was nonfrivolous. Id. at 353-54, 116 S.Ct. at 2181-82. The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002). "Impairment of any other

---

[5] In several filings received after the complaint, plaintiff complains about "defendant(s)" or "they" lying to the Court that he was not there. Docs. 7, 8, 10, 16.

[6] The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

8

litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, plaintiff claims that this Court's order that was sent to him at the jail was returned to the Court even though he was still incarcerated at jail. Plaintiff claims that as a result of his mail being returned, his action, CA No. 09-0063-CG-N, was dismissed. However, as can readily be observed from the prior action's docket sheet, plaintiff's action was not dismissed for that reason and the return of the Court's order occurred early in the litigation. Morevoer, the order that plaintiff complains was returned to the Court was re-sent to plaintiff, and he was granted an extension of time to pay the partial filing fee. (Docs. 3-5). Before the time expired, plaintiff paid the entire $350 filing fee. The Court is unable to discern any prejudice being suffered from the mail being returning to the Court because plaintiff's time for paying the partial filing fee was extended and his action was not dismissed. Furthermore, plaintiff cannot show that his prior action, CA No. 09-0063-CG-N, was nonfrivolous because it was dismissed on the merits with summary judgment being granted for defendants. (Docs. 44-46). Whether the action of jail officials was intentional or negligent, the Court does not address this issue because plaintiff does not have the necessary injury in order to state a claim for denial of access to the courts claim.

Although plaintiff is chiefly focused on the Court's order not being delivered to him while he was at the jail (Docs.1 at 6; 7; 8; 10; 16), the present complaint also contains an allegation that defendant jail did not send his mail to Vaughan Regional Medical Center requesting his medical reports, medical records, and x-rays for CA No. 09-0063-CG-N. Plaintiff maintains that as a result, CA No. 09-0063-CG-N was dismissed because he was not able to offer evidence as to what happened to him while he was incarcerated at the jail. (Doc. 1 at 5). This

9

claim lacks plausibility. The allegation lacks specificity and appears to be mere speculation by plaintiff. Plaintiff does not indicate what he could prove and the particular information from the hospital that was needed to prove the underlying claim. In the context of a claim for denial of access to courts, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Barbour v. Haley, 410 F. Supp.2d 1120, 1130 (M.D. Ala.), aff'd, 471 F.3d 1222 (11th Cir.), cert. denied, 551 U.S. 1134 (2007). The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher, 536 U.S. at 416, 122 S.Ct. at 2187. (Judge, after thinking about this claim and delving deeper into the underlying action, my thinking became very circular so I thought to not go any further with it. I thought that I would let you know this, in case you want more.) Thus, the Court finds that plaintiff has failed to allege a nonfrivolous underlying claim. Accordingly, plaintiff has failed to state a claim for the denial of access to the courts in regard to this claim. Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

**C. Claim for Violation of First Amendment Rights.**

Because plaintiff is a pro se prisoner, the Court is treating his allegations with leniency and is therefore construing a possible violation of the First Amendment based on his allegations, even though he only identified the denial of access to the courts as his claim arising from these facts. The other aspect of the First Amendment his facts touch upon is freedom of speech. See Al-Amin v. Smith, 511 F.3d 1317, 1334 (11th Cir.) ("Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and

10

Fourteenth Amendments to the U.S. Constitution."), cert. denied, 555 U.S. 820 (2008), appeal after remand, 637 F.3d 1192 (11th Cir. 2011); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006) ("The First Amendment, as incorporated in the Fourteenth, prohibits states from 'abridging the freedom of speech.' U.S. Const. Amend. I. . . . [S]tate prisoners, by virtue of their incarceration, 'do not forfeit their First Amendment right to use of the mails[.]'"). However, "prison inmates retain only such First Amendment rights as are not inconsistent with their status as prisoners." Lawson v. Singletary, 85 F.3d 502, 507 n.7 (11th Cir. 1996) (citing Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). To prove a free speech claim a prisoner is not required to show an actual injury as is required for a denial of access to courts claim. Al-Amin, 511 F.3d at 1334.

In the present action, it is not necessary for the Court to determine if plaintiff's allegations state a free speech claim because 42 U.S.C. § 1997e(e), which is a limitation on a recovery that an inmate may have, applies. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this action plaintiff has alleged no physical injury and seeks $200,000,000 in unspecified damages. A prisoner with no physical injury cannot receive compensatory or punitive damages due to § 1997e(e). Al-Amin, 637 F.3d at 1198.

Nominal damages, however, may be recovered where there is a violation of a constitutional right without an actual injury. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003); see Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999)

("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."). However, plaintiff does not state that he wants nominal damages, and his $200,000,000 request is inconsistent with a nominal damages request. See Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Ringgold v. Federal Bureau of Prisons, No. 07-2733, 2007 WL 2990690, at *5 & n.5 (D.N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was de minimis and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"). Thus, the Court concludes that plaintiff did not request nominal damages. As a result, the Court finds that plaintiff has failed to state a claim upon which relief can be granted with respect to a free speech claim[7] and his free speech is due to be dismissed without prejudice. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) (dismissal pursuant to 42 U.S. C.

---

[7] The discussion regarding 42 U.S.C. § 1997e(e) is also applicable to plaintiff's access to the courts' claim, but this alternate reason for dismissal was not discussed because the access to courts claims was due to the be dismissed for the failure to establish the required injury for an access to courts claim.

§ 1997e(e) should be without prejudice in order to allow the prisoner once released to litigate his claim), cert. denied, 540 U.S. 1112 (2004).

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 11th day of May, 2012.

/s/Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).